**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-234 |
| | ) | Civil No. 10-44 |
| KENNETH TAYLOR, | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I.    INTRODUCTION

Presently before the Court are several motions and other pleadings submitted by *pro se* Defendant Kenneth Taylor (Docket Nos. [171], [172], [174], [175], [182], [183]) and the Government's omnibus response to several of these submissions (Docket No. [181]).  Upon consideration of the parties' submissions, and for the following reasons, the Court construes the Defendant's pleadings at docket numbers [171], [172], and [174] as motions to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and said "motions" are dismissed as untimely pursuant to section 2255(f).  In addition, Defendant's motions to strike the Court's Order dated January 13, 2010 and the Government's response to his motions [175], [183] are DENIED, as frivolous.

II.    BACKGROUND

The criminal prosecution against the Defendant was initiated by the filing of a criminal complaint against him and Richard McIntosh on June 7, 2006.  (Docket No. 1).  Thereafter, on June 27, 2006, a federal grand jury returned a three-count indictment against him. (Docket No. 22).  The indictment charged him with interfering with interstate commerce by means of robbery, in violation

of 18 U.S.C. § 1951(a) (Count 1), using a firearm in furtherance of that offense, in violation of 18

U.S.C. § 924(c) (Count 2), and knowing possession of stolen firearms that had been shipped in

interstate commerce, in violation of 18 U.S.C. § 922(j) (Count 3).  (*Id*).  The indictment alleged that

the Defendant participated in an armed robbery of Pitt Loan, Incorporated, a federally licensed

firearms dealer located at 603 East Ohio Street, Pittsburgh, PA on May 5, 2006 and later, on May

17, 2006, knowingly possessed several firearms that were stolen during the robbery.  (*Id*.).

Jury selection was held on May 23, 2007, and a jury trial was held during the balance of May

and into June of 2007.  (See Docket entries from 5/23/07 through 6/5/07).  At the conclusion of the

jury trial, on June 5, 2007, Defendant was found guilty of Count 3, knowing possession of stolen

firearms, in violation of 18 U.S.C. § 922(j).  (Docket No. 132).  The jury was unable to reach a

verdict as to Counts 1 and 2, and the Court declared a mistrial as to those counts.  (*Id*.).

The Court then set jury selection and trial as to Counts 1 and 2 in late July 2007.  (Docket

No. 142).  However, on July 18, 2007, the Defendant pled guilty pursuant to a plea agreement with

the Government to Count 1, interference with commerce by means of a robbery, in violation of 18

U.S.C. § 1951(a).[1] (Docket No. 145).  The plea agreement contained many stipulations between the

parties, including: that the Defendant's overall offense level under the Sentencing Guidelines was

28, his criminal history category was I, the applicable guideline range in Defendant's case was 78-97

months and that 96 months imprisonment was an appropriate sentence as a result of his case.

(Docket No. 146).  In addition, Defendant acknowledged responsibility for the conduct charged at

Count 2, using and carrying a firearm during a crime of violence, on or about May 5, 2006, in

---

[1]

As discussed below, in this Court's estimation, Defendant's guilty plea was knowingly and
voluntarily made.  *See* note 7, *infra*.

violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2) and the Government also agreed to move to dismiss this charge. (Docket No. 146). The written plea agreement also contained express waivers of the Defendant's right to directly appeal and collaterally attack his conviction and sentence. (*Id.*).

At sentencing, on October 18, 2007, the Court accepted the parties' plea agreement and imposed a sentence of 96 months imprisonment, and three years of supervised release at each of Counts 1 and 3, said terms of imprisonment and supervised release to run concurrently. (Docket Nos. 162, 163). Restitution of $26,500 was ordered and a $200 special assessment was imposed. (*Id.*).

After sentencing, Defendant, through counsel, filed a motion for an extension of time within which to file an appeal to the United States Court of Appeals for the Third Circuit, which the Court granted, making his notice of appeal due by December 3, 2007. (Docket Nos. 164, 165). However, no appeal was taken. Indeed, no action was taken in Defendant's case until the Court was forwarded a letter from the Defendant dated December 28, 2009 addressed to the Honorable Maurice Cohill and titled "Declaration of and Rescission of Signature(s) and Oral Plea(s) for Cause." (Docket No. 172).[2]   Subsequently, the Defendant submitted a pleading titled "Petition in the Nature of Requisition for Full Disclosure of: 1) the Jurisdiction and Character of a United States, 2) Petioners [sic] Proper Status, 3) Subject Matter Jurisdiction," which was filed on January 12, 2010. (Docket No. 171).

After receiving these submissions, the Court entered an Order pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), advising the Defendant that all federal constitutional claims must be included in a single habeas corpus petition and of his right to: (1) withdraw the pending

_____

[2]

This letter was filed on the Court's docket on January 4, 2007.

submissions and file one new, all-inclusive § 2255 petition setting forth every ground which may entitle him to relief from the conviction and sentence, provided that such motion is filed within the one year statute of limitations; (2) amend the § 2255 petition presently on file with any additional claims or materials within 120 days; or (3) choose to have the petition ruled on as filed.   (Docket No. 173).

Thereafter, the Defendant submitted a pleading titled "In the Nature of Motion to Dismiss for Lack of In Personam and Subject-Matter Jurisdiction" (Docket No. 174) on January 19, 2010 and, later a "Writ in the Nature of Motion to Strike the Alleged Evidence Allegedly Stated by Administrative Law Judge Honorable Nora Barry Fischer" on January 29, 2010 (Docket No. 175). The Court ordered the Government to respond to the Defendant's various pleadings (Docket No. 178), and said response was filed on March 16, 2010 (Docket No. 181).  Finally, the Defendant filed two additional pleadings on April 8, 2010, titled "In the Nature of Declaration of Status and Denial of Assumptions by Affidavit" (Docket No. 182) and, a "Writ in the Nature of Motion to Strike the Alleged Evidence Allegedly Stated by the Government and Acting U.S. Attorney Robert S. Cessar" (Docket No. 183).

III.   DISCUSSION

A.   *Defendant's Claims Are Properly Construed as Claims Under 28 U.S.C. § 2255*

Defendant is *pro se*, and his allegations in his pleadings are liberally construed. *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).  In addition, "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Miller*, 197 F.3d at 648 (quoting *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir.1990)).

4

Defendant's arguments are difficult to discern, but, construing his allegations liberally, he challenges the jurisdiction of this court over him and his offenses and the voluntariness of his guilty plea at Count 1.  He moves the Court to: (1) dismiss the indictment, (2) permit him to withdraw his guilty plea at Count 1, (3) vacate his sentences at Counts 1 and 3, and (4) release him from his present incarceration.  In addition, Defendant contends that his motions are not brought under section 2255.  (Docket No. 175).

In this Court's estimation, given the stage of these proceedings, all of Defendant's claims are cognizable under section 2255 and he is required to bring his claims under that statute.

The deadlines for Defendant's filing of a motion to dismiss the indictment and a motion to withdraw his guilty plea at Count 1 have long passed.  Rule 12(b)(3) of the Federal Rules of Criminal Procedure provides that a motion to dismiss an indictment based on an alleged lack of jurisdiction must be brought before trial and that a claim that an indictment does not invoke the court's jurisdiction may be brought while a case is pending.  FED.R.CRIM.P. 12(b)(3).[3]  Likewise, Rule 11(e) of the Federal Rules of Criminal Procedure prevents a defendant from withdrawing a guilty plea after a sentence is imposed and provides that a guilty plea may be set aside after sentencing only on collateral attack.   FED.R.CRIM.P. 11(e).[4]

---

[3]

Rule 12(b)(3) provides that: "[t]he following must be raised before trial ... (B) a motion alleging a defect in the indictment or information--but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed.R.Crim.P. 12(b)(3).

[4]

Rule 11(e), Finality of a Guilty or Nolo Contendere Plea, provides that: "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed.R.Crim.P. 11(e).  The Commentary explains that "Amended Rule 11(e) is a new provision, taken from current Rule 32(e), that addresses the finality of a guilty or nolo contendere plea after the court imposes sentence. The provision makes

Defendant's post-sentencing challenges to this Court's jurisdiction, the voluntariness of his guilty plea at Count 1, his convictions and sentences at Counts 1 and 3 and his claims that he is in custody in violation of the Constitution or laws of the United States are all cognizable under section 2255 and must be brought under that statute.   28 U.S.C. § 2255.[5]  The United States Court of Appeals for the Third Circuit has recognized that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," and a motion under section "2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.'" *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)(internal citations and quotations omitted).  Defendant has not claimed that section 2255 is inadequate or ineffective in any of his pleadings, and, the law is clear that "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements" contained in section 2255. *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

---

it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed."  *Id*.

[5]

28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Therefore, to the extent that Defendant requests that his claims not be construed as motions to vacate under section 2255, said claims are dismissed.  However, despite his clear protestations to the contrary and, for completeness, the Court will recharacterize his claims as motions under section 2255 and evaluate same.[6]

    B.    *Defendant's § 2255 "Motions" are Time-Barred*

To the extent that Defendant's pleadings are recharacterized as motions to vacate under section 2255, they were filed outside the one-year limitations period under section 2255(f), and said claims are time-barred.  Section 2255(f) provides that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of ... (1) the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f).  Defendant was sentenced on October 18, 2007.  (Docket Nos. 162, 163). He was granted leave to file a notice of appeal by December 3, 2007, but he did not appeal his sentence.  (Docket No. 165).  Thus, the judgment of conviction is final as of December 3, 2007 and Defendant was statutorily required to submit any motion under section 2255 by December 3, 2008.  *See Kapral v. United States*, 166 F.3d 565 (3d Cir. 1999)("if a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on

---

[6]

The Court notes that the concerns articulated by the Court of Appeals in *Miller* regarding recharacterizing *pro se* motions as motions brought under section 2255 because of the stringent requirements under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), Pub.L. No. 104-1332, including its one-year statute of limitations period and bar on the filing of a second and/or successive 2255 petitions, are not present here.  *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999).  As discussed below, Defendant's claims were barred by the statute of limitations when filed and, he had not filed a motion to vacate prior to his submissions which are considered in this Memorandum Opinion.  *See United States v. Chew*, 284 F.3d 468 (3d Cir. 2002)(holding that a district court is not required to issue a *Miller* order if a 2255 claim is already time-barred).

7

which the time for filing such an appeal expired."). Defendant's first post-sentencing pleading, his letter to Judge Cohill, is dated December 28, 2009. (Docket No. 172). His other submissions were made in January of 2010. (Docket Nos. 171, 174, 175). Therefore, as his claims were submitted well outside of the one-year limitations period, they are time-barred and must be dismissed, unless the limitations period is tolled.

The doctrine of equitable tolling may toll the statute of limitations under section 2255(f), but it may be invoked "'only sparingly.'" *United States v. Bass*, 268 Fed.Appx. 196, 199 (3d Cir. 2008)(quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir.1998), *which quoted, Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). In order to toll the statute of limitations, a litigant must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Bass*, 268 Fed.Appx. at 199 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), *which cited, Irwin*, 498 U.S. 89 (1990)).

Defendant has not argued that the statute of limitations should be equitably tolled and, in this Court's estimation, there is no evidence supporting a claim that the Defendant has diligently pursued his rights nor that some extraordinary circumstance prevented him from bringing his claims until December of 2009 or January of 2010 as he has in this case. Indeed, the issues he raises in his untimely pleadings could have been raised at any time after sentencing. *See United States v. St. Clair*, Cr. No. 08-122, 2010 WL 1253927 (W.D. Pa. Mar. 30, 2010)(holding that the limitations period under section 2255(f) was not equitably tolled where there was no evidence of reasonable diligence or extraordinary circumstances and the matters could have been raised any time after sentencing). Accordingly, as there is no evidence supporting a claim of equitable tolling, Defendant's claims are time-barred and must be dismissed.

8

C.     *The Government's Other Arguments*

The Government sets forth a number of alternative arguments in support of its position that Defendant's claims should be dismissed, including that: (1) his section 2255 motions should be summarily denied as they are frivolous and contain only vague and conclusory allegations as to his claims; (2) the Court should enforce the collateral attack waiver in his plea agreement with the Government, and dismiss his section 2255 claims; (3) his section 2255 motions should be dismissed because he has not established cause for his failure to move to dismiss the indictment and/or appeal his sentence; and, (4) his section 2255 motions do not raise any meritorious claims.  (Docket No. 181 at 8-14).  Given the Court's disposition of Defendant's claims as time-barred, it need not specifically address each of these arguments, although the Court does find each argument to be independently persuasive.  However, the Court will briefly comment regarding Defendant's claims, which lack any merit.

This Court plainly had jurisdiction over this case because the Defendant was charged with "offenses against the laws of the United States."  18 U.S.C. § 3231; *see also United States v. Banks*, 2010 WL 325885, at *3 (3d Cir. 2010)(not precedential).  Defendant's race, ethnicity, religious affiliation or status as a "Moorish-American National" have no bearing on this Court's jurisdiction over him or his offenses. *See Banks*, 2010 WL 325885, at *1, 3 (district court properly denied prisoner's claim that the court lacked jurisdiction because he was a Lakota Sioux Indian); *United States v. Burris*, 231 Fed.Appx. 281, 282 (4th Cir. 2007)(prisoner's claim that the district court lacked jurisdiction based on his status as a Moorish American National was "patently frivolous").  Accordingly, this claim is patently frivolous and must be denied.

Defendant's claim that his guilty plea at Count 1 was coerced, threatened, made under duress,

or otherwise involuntary, also lacks merit. (Docket No. 172). The Court has reviewed the record, including his written plea agreement with the Government, (Docket No. 146), the transcript of the change of plea proceedings on July 18, 2007, (Docket No. 184), and the record fully supports a finding that his guilty plea at Count 1 was knowingly and voluntarily made and that the Defendant fully understood the consequences of his plea.[7]  Moreover, the undersigned presided over the Defendant's trial, which resulted in his conviction at Count 3, and the subsequent change of plea and sentencing proceedings and at no time did he raise any of his present claims with this Court. Therefore, Defendant's claim that his plea was involuntary and unknowing must be denied. Further,

---

[7]

At the time of his guilty plea at Count 1, Defendant was 23 years old, a high school graduate, had taken some college courses, and fully understood English. (Docket No. 184 at 3-4). He was not under the influence of any drugs, medication or alcohol, not under the care of a physician, therapist or psychiatrist and had not recently been hospitalized or treated for alcohol or narcotic addition. (*Id*. at 4). He asserted that he fully understood the charges in the indictment, his trial rights, the potential penalties for his conviction, and all sentencing procedures. Defendant stated that he had signed the written plea agreement and fully understood the terms of same, which contained a stipulation as to the sentence that the Defendant would receive, 96 months imprisonment at Counts 1 and 3. (*Id*. at 17-23). Defendant agreed with the prosecution's factual summary of the charges against him. (*Id*. at 24-30). He further asserted that no one had made any promises as to what his actual sentence would be other than that set forth in his plea agreement, that he was not forced to plead guilty, that he understood the entirety of the proceedings, and that he was fully satisfied with the representation of his counsel. (*Id*. at 30-31). His counsel also asserted that the Defendant's pleading guilty to Count 1 was consistent with her advice. (*Id*. at 30).  In sum, his plea of guilty at Count 1 was knowing and voluntary.

The Court notes that, if fully considered, the collateral attack waiver in Defendant's plea agreement would be enforced despite the fact that the Court relied on the Assistant United States Attorney to state the terms of the collateral attack waiver on the record. This Court has upheld collateral attack waivers in similar circumstances, *see e.g.*, *Jackson v. United States*, Cr. No. 04-299, 2008 WL 5429695 (W.D. Pa. Dec. 30, 2008) *aff'd*, CA No. 09-1099 (3d Cir. Jun. 19, 2009); *Reese v. United States*, Cr. No. 08-16, 2009 WL 3286903 (W.D.Pa. Oct. 13, 2009); *Ciocan v. United States*, Crim. Nos. 07-182, 07-398, 2010 WL 1068228 (W.D. Pa., Mar. 18, 2010), and the record in this matter supports a similar disposition. However, given that Defendant's claims are time-barred, the Court need not further address the nature and the circumstances of the waiver.

his allegations regarding the nature of his guilty plea at Count 1 have no bearing on the jury verdict of guilty entered at Count 3 on June 5, 2007.

          D.    *Defendant's Motions to Strike*

Defendant's motions to strike the Court's Order and the Government's responsive brief are patently frivolous.  (Docket Nos. 175, 183).  Said motions are denied.

IV.    CERTIFICATE OF APPEALABILITY

Defendant has not demonstrated a "substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2), and the Court finds that he is not entitled to a certificate of appealability on any of the claims asserted in his pleadings.

V.    CONCLUSION

Based on the foregoing, Defendant's motions to vacate [171], [172], [174] are dismissed as time barred under 28 U.S.C. § 2255(f) and his motions to strike [175], [183] are denied, as frivolous. An appropriate Order will follow.

          *s/Nora Barry Fischer*
          Nora Barry Fischer
          United States District Judge

Dated: April 20, 2010

cc/ecf: All counsel of record

cc:    Kenneth Taylor, 08989-068
       Fort Dix, Federal Correctional Institution
       P.O. Box 2000
       Fort Dix, NJ 08640